**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| KISHA NOAH ON BEHALF OF JANE DOE, ANDRELLA AKINS ON BEHALF OF JOHN DOE, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| MERCK & COMPANY INC., | ) ) |
| Defendant. | ) |

**EXHIBIT 1**
**TO**
**NOTICE OF REMOVAL**



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

# Court of Common Pleas

New Case Electronically Filed: COMPLAINT
May 3, 2022 12:10

By: ROSEL C. HURLEY, III 0083288

Confirmation Nbr. 2540692

KISHA NOAH ON BEHALF OF JANE DOE, ET AL.         CV 22 962925

    vs.

MERCK & COMPANY INC         **Judge:** SHANNON M. GALLAGHER

**Pages Filed:** 12

# IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY

**Kisha Noah on behalf of Jane Doe,**
**Andrella Akins on behalf of John Doe**
12800 Shaker Blvd., STE 230         CASE NO
Cleveland, OH 44120

       V.         JURY TRIAL DEMANDED

**Merck & Company Inc**
4400 Easton Common Way, STE 125
Columbus, OH 43219

## COMPLAINT

1. Now comes the Plaintiffs, Jane Doe and John Doe individually and through their Guardians, by and through their attorney Mr. Rosel C. Hurley III, and complains of the Defendants Merck & Company Inc., upon information and belief and states as follows:

## NATURE OF ACTION

2. Plaintiffs Jane Doe and John Doe, individually and through their Guardians bring this case against Defendants for the injuries incurred from the Measles, Mumps, and Rubella Vaccine (hereby known as MMR Vaccine) that was negligently manufactured and designed by the Defendants and failed to contain appropriate and significant warnings related to its use. Plaintiffs individually and jointly state

 that the MMR Vaccine and any successive iterations caused their Autism after its injection and use.

3. Plaintiffs state that Defendant was aware of the hazards associated with the MMR Vaccine with its strong propensity to cause Autism in African-American Children.

4. Plaintiffs state that the Defendant purposely and intentionally ignored this known risk to African-American children, and in essence, the Defendant elected to take increased revenue and profits over the safety of African-American Children that they knew were at increased risk from exposure to their product.

## PARTIES

5. Plaintiff Jane Doe and John Doe, individually and through their Guardians, Kisha Noah and Andrella Akins, are citizens and residents of County of Cuyahoga, in the State of Ohio.

6. Defendant Merck is headquartered in New Jersey with its vaccine division based in West Point, Pennsylvania. Defendant Merck is one the largest pharmaceutical companies in the world with annual revenues exceeding 40 billion. Merck is a leading seller of childhood vaccines and currently Defendant Merck is the sole manufacturer licensed by the Food and Drug Administration ("FDA") to administer the MMR vaccine in the lJnlted States.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this declaratory judgment matter pursuant to R.C. 2721.02(A), which authorizes the Court to "declare rights, status, and other legal relations whether or not further relief is or could be claimed."

8. This Court has personal jurisdiction over Defendant as it conducts business in Ohio, purposefully directs or has directed its actions toward Ohio, and/or has the requisite minimum contacts with Ohio necessary to constitutionally permit the Court to exercise jurisdiction over it.

9. Venue is proper in Cuyahoga County pursuant to Civ.R. 3(B)(2) and Civ.R. 3(B)(3). Merck has conducted, is conducting, and will conduct, and/or has directed, is directing, and will direct, activity that gave rise to the Plaintiff's request for relief in Cuyahoga County, and part of the need for relief arose in, and will have an impact in Cuyahoga County.

10. The cause of action asserted, and the remedies sought herein, are founded upon the statutory, common, and/or decisional laws of Ohio. Further, the assertion of federal jurisdiction over the claims made in the Complaint would improperly disturb the balance of federal and state responsibilities.

11. The Plaintiff brings this action exclusively under the laws of the State of Ohio. No federal claims are being asserted, and to the extent that any claim or factual assertion set forth herein may be construed to have stated any claim for relief arising under federal law, such claim is expressly and undeniably disavowed and disclaimed by the Plaintiff.

## FACTUAL ALLEGATIONS

12. Merck's original mumps vaccine was delivered to patients in a single. stand-alone injection called Mumpsvax. In 1971, Merck developed a combination vaccine which delivered Merck's vaccines for measles, mumps and rubella ("'MMR") together in one injection. The same year, Merck obtained DDS approval to manufacture and sell the MMR vaccine. In 1978, Merck obtained approval from the FDA for the manufacture and sale of MMRII, a replacement for MMR containing a different strain of the rubella virus. Since that time, Merck has sold more than 450 million doses of MMRII world-wide, with approximately 100 million doses sold in the U.S.

13. Merck sold the MMR and MMRII vaccine with actual knowledge that the vaccine has a high propensity of causing Autism in African-American Children.

14. The Defendants actions in regards to intentionally ignoring this risk and failing to warn medical professionals and their patients amounts to malicious and purposeful intent to take revenue and profits over the safety of African-American children and their parents.

15. Jane Doe states through her Guardian Kisha Noah that she received the prophylactic MMR vaccine on November 14, 2006 and after this injection Jane Doe was subsequently diagnosed with Autism.

16. John Doe states through his Guardian Andrella Akins that he received the prophylactic MMR vaccine on February 29, 2000 and after this injection John Doe was subsequently diagnosed with Autism.

## CAUSES OF ACTION AGAINST DEFENDANT

### COUNT I
### NEGLIGENCE

17. Plaintiff incorporates by reference paragraph 1-16 of this Complaint as if fully set forth herein.

18. Defendant had a duty to individuals, including Plaintiff, to use reasonable care in designing, manufacturing, marketing, labeling, packaging and selling the MMR Vaccine, and any and all successive product iterations.

19. Defendant was negligent in failing to use reasonable care in designing, manufacturing, marketing, labeling, packaging, and selling the MMR Vaccine, and any and all successive product iterations.

20. As a direct and proximate result of Defendants' negligence, Plaintiffs was caused and/or in the future will be caused to suffer severe personal injuries, pain, disability and suffering, severe emotional distress, financial or economic loss, including, but not limited to, obligations for medical services and expenses, lost income, and other damages.

WHEREFORE, Plaintiffs demand judgment against the Defendant for compensatory, treble and punitive damages, including costs and attorney's fees, and all such other relief as the Court may deem proper.

## COUNT II
## STRICT LIABILITY – DESIGN DEFECT
## (ORC §2307.75, et seq.)

21. Plaintiff incorporates by reference paragraphs 1-20 of this Complaint as if fully set forth herein.

22. The MMR Vaccine, and any and all successive product iterations, injected in the Plaintiff was not reasonably safe for its intended use and was defective as a matter of law with respect to its design.

23. As a direct and proximate result of the MMR Vaccine, and any and all successive product iterations, defects, PlaintiffS was caused and/or in the future will be caused to suffer severe personal injuries, pain, disability and suffering, severe emotional distress, financial or economic loss, including, but not limited to, obligation for medical services and expenses, lost income, and other damages.

24. Defendant is strictly liable to Plaintiffs for designing, manufacturing, marketing, labeling, packaging and selling a defective product. Wherefore, Plaintiffs demand

judgment against the Defendant for compensatory, treble and punitive damages, including costs and attorney's fees, and all such other relief as the Court may deem proper.

## COUNT III

## STRICT PRODUCTS LIABILITY – MANUFACTURING DEFECT

## (ORC §2307.74, et seq.)

25. Plaintiff incorporates by reference paragraphs 1- 24 of this Complaint as if fully set forth herein.

26. The MMR Vaccine, and any and all successive product iterations, injected in the Plaintiffs was not reasonably safe for its intended use and was defective as a matter of law with respect to its manufacture.

27. As a direct and proximate result of the MMR Vaccine, and any and all successive product iterations, defects, Plaintiffs was caused and/or in the future will be caused to suffer severe personal injuries, pain, disability, suffering, severe emotional distress, financial or economic loss, including, but not limited to, obligations for medical services and expenses, lost income, and other damages.

Wherefore, Plaintiffs demand judgment against the Defendant for compensatory, treble and punitive damages, including costs and attorney's fees, and all such other relief as the Court may deem proper.

## COUNT IV

## STRICT LIABILITY – FAILURE TO WARN

## (ORC §2307.76, et seq.)

28. Plaintiff incorporates by reference paragraphs 1- 27 of this Complaint as if fully set forth herein.

29. The MMR Vaccine, and any and all successive product iterations, injected in the Plaintiffs was not reasonably safe for its intended use and was defective as a matter of law due to its lack of appropriate necessary warnings.

30. As a direct and proximate result of the MMR Vaccine, and any and all successive product iterations, aforementioned defects, Plaintiffs was caused and/or in the future will be caused to suffer severe personal injuries, pain, disability, suffering, severe emotional distress, financial or economic loss, including, but not limited to, obligations for medical services and expenses, lost income, and other damages.

WHEREFORE, Plaintiffs demand judgment against the Defendant for compensatory, treble and punitive damages, including costs and attorney's fees, and all such other relief as the Court may deem proper.

# COUNT V

## Strict Product Liability: Defect Due to Nonconformance with Representation

## (ORC §2307.75, et seq.)

31. Plaintiff incorporates by reference paragraph 1- 30 of this Complaint as if fully set forth herein.

32. Defendant expected and intended the MMR Vaccine, and any and all successive product iterations, to reach users such as Plaintiff in the condition in which the product was sold.

33. Defendant represented to Plaintiff and/or their implanting physicians that the MMR Vaccine, and any and all successive product iterations, was safe and effective. At the time Plaintiff's implanting physician chose the MMR Vaccine, and any and all successive product iterations, for injection in Plaintiff, they reasonably and justifiably relied upon Defendants' representations that the product was safe for use against measles, mumps and rubella.

34. As a direct and proximate result of Plaintiff's and/or their Physician's reliance on Defendant's representations about the MMR Vaccine, and any and all successive product iterations, Plaintiffs suffered injuries and damages as summarized herein.

WHEREFORE, Plaintiffs demand judgment against the Defendant for compensatory, treble and punitive damages, including costs and attorney's fees, and all such other relief as the Court may deem proper.

# COUNT VI

# LOSS OF CONSORTIUM

35. Plaintiff incorporates by reference paragraph 1- 34 of this Complaint as if fully set forth herein.

36. As a Direct and Proximate result of the Malicious and Purposeful actions of Defendant, Jane Doe's mother, Kisha Noah has experienced loss of his society, including loss of companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education, along with mental pain, anguish and emotional trauma in regards to her child.

37. As a Direct and Proximate result of the Malicious and Purposeful actions of Defendant, John Doe's mother, Andrella Akins, has experienced loss of her society, including loss of companionship, consortium, care, assistance, attention, protection, advice, guidance, counsel, instruction, training, and education, along with mental pain, anguish and emotional trauma in regards to her child.

WHEREFORE, Plaintiffs demand judgment against the Defendant for compensatory, treble and punitive damages, including costs and attorney's fees, and all such other relief as the Court may deem proper.

## TOLLING OF APPLICABLE STATUTES OF LIMITATIONS

38. Plaintiff by reference paragraphs 1-37 of this Complaint as if fully set forth herein.

39. Plaintiffs assert all applicable state statutory and common law rights and theories related to the tolling or extension of any applicable statute of limitations, including, equitable tolling, class action tolling, delayed discovery, discovery rule, which extended any applicable statute of limitations until January 12, 2024.

WHEREFORE plaintiff demands judgment against defendants in an amount in excess of $25,000 for all causes of action above; plus punitive damages against all defendants; and other relief as justice requires or as this Court or the trier of fact sees fit under principles of law and equity; plus interest and costs.

## JURY DEMAND

Plaintiff demands a jury trial on all counts.

Respectfully,

DocuSigned by:
*Rosel Hurley*
68B34FDF8A244A0...

Mr. Rosel C. Hurley III #0083288
Hurley Law LPA
12800 Shaker Boulevard, STE 230
Cleveland, OH 44120
216-409-4152
arnuma@gmail.com

## CERTIFICATE OF SERVICE

The foregoing was electronically delivered to all parties relevant to the case via the Cuyahoga County E-file platform on May 3, 2022.

*Rosel Hurley*
68B34FDF8A244A0...

Mr. Rosel C. Hurley III

## THE COURT OF COMMON PLEAS, CIVIL DIVISION
## CUYAHOGA COUNTY, OHIO

Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

KISHA NOAH ON BEHALF OF JANE DOE, ET AL.
**Plaintiff**

V.

MERCK & COMPANY INC
**Defendant**

CASE NO. CV22962925

JUDGE SHANNON M GALLAGHER

# SUMMONS     SUMC   CM

Notice ID:  47445531

| From: | KISHA NOAH                    P1 |
|---|---|
| | 12800 SHAKER BOULEVARD |
| | STE 230 |
| | CLEVELAND OH 44120 |

| Atty.: | ROSEL C. HURLEY, III |
|---|---|
| | 12800 SHAKER BLVD. |
| | SUITE 230 |
| | SHAKER HEIGHTS, OH 44120-0000 |

| To: | MERCK & COMPANY INC            D1 |
|---|---|
| | 4400 EASTON COMMONS WAY |
| | STE 125 |
| | COLUMBUS OH 43219 |

### NOTICE TO THE DEFENDANT:

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff. You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.us/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

By _____
**Deputy**

Date Sent: 05/03/2022

CMSN130

UNITED STATES
POSTAL SERVICE

Date Produced: 05/09/2022

CERTIFIED MAIL SOLUTIONS INC.:

The following is the delivery information for Certified Mail™/RRE item number 9314 8001 1300 3546 6249 85. Our records indicate that this item was delivered on 05/06/2022 at 12:37 p.m. in COLUMBUS, OH 43224. The scanned image of the recipient information is provided below.

Signature of Recipient :

Signature X *Dan Kelley*
Printed Name DAN KELLEY

Address of Recipient :

Delivery Address 4400 Easton Cmns #125

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.